David A. Riggi, Esq.
Bar No. 4727
5550 Painted Mirage Road, Suite 120
Las Vegas, Nevada 89149
Telephone: (702) 808-0359
Facsimile: (888) 306-7157
riggilaw@gmail.com

*Attorney for Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

|  |  |
|---|---|
| | ) Case No. 11-10391-BAM |
| | ) |
| In re: JOHN E. HARNEY and | ) Chapter 11 |
| AIMEE M. HARNEY, | ) |
| | ) DATE: June 14, 2011 |
| | ) TIME: 9:00 a.m. |
| Debtors in Possession. | ) |

### MOTION TO VALUE

John and Aimee Harney, through their counsel David A. Riggi, Esq., respectfully requests that this Court value property of the estate: property commonly known as 4842 Camino Hermoso, North Las Vegas, Nevada 89031. The basis of this motion is set forth in the following memorandum of points and authorities, the attached exhibit, the pleadings and papers on the file herein, and the arguments of counsel which this court may consider at the hearing on this motion.

DATED this 14th of May, 2011.

/s/ David A. Riggi
David A. Riggi
Bar No. 4727
5550 Painted Mirage Road, Suite 120
Las Vegas, Nevada 89149
Telephone: (702) 808-0359

*Attorney for the Debtors in Possession*

1

2

3

## MEMORANDUM OF
## POINTS AND AUTHORITIES

4

### 1.      Factual Background

5

6

    1.      On January 11, 2011, the Debtors filed their voluntary chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Nevada.

7

8

    2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

9

Venue of debtors' bankruptcy case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10

    3.      Debtor owns the property commonly known as 4842 Camino Hermoso, North Las

11

Vegas, Nevada 89031 ("Property").  The Property is property of the estate.

12

    4.      An appraisal of the Property, attached hereto as *Exhibit "A,"* values the property at

13

$**86,000.00**.

14

    5.      Martin Keough ("Creditor") has asserted a mortgage interest in the Property, however,

15

16

no proof of claim has been filed.  The claim amount is estimated at $250,000.00.

17

    6.      A deficiency claim for the Creditor exists to the extent that the amount of Creditor's

18

claim is greater than the value of the Property.

19

### 2.      Legal Arguments

20

21

    The Debtor needs not file a complaint and initiate an adversary proceeding to obtain the relief

22

he seeks. Federal Rule of Bankruptcy Procedure 7001 lists ten exclusive proceedings that are

23

adversary proceedings.  The type of proceeding that is closest to the Debtor's request for a value of the

24

Property is set forth in Rule 7001(3):  "a proceeding to determine the validity, priority, or extent of a

25

lien or other interest in property . . . .",   The now common practice -- stripping second mortgages from

26

27

residences in Chapter 13 cases – is not considered within the purview of this Rule.  *See In re Williams,*

28

166 B.R. 615 (Bankr. E.D. Va. 1994); *In re Fuller*, 255 B.R. 300 (Bankr. W.D. Mich. 2000); *In re Hoskins,* 262 B.R. 693 (Bankr. E.D. Mich. 2001); *In re King,* 290 B.R. 641 (Bank. C.D. Ill. 2003); *In re Millspaugh,* 302 B.R. 90 (Bank. D. Idaho 2003).    Certainly, the instant valuation, within the

context of a Chapter 11, may be accomplished by motion practice if Chapter 13 lien-stripping is done by motion.

Finally, it is appropriate to value the property because the Debtors must obtain a valuation of the Property for purposes of plan confirmation.  It is a well-established tenet of bankruptcy law that absent sufficient equity in the collateral securing its claim, a secured creditor's claim is only partially secured and may be bifurcated into a secured claim equal to the value of the collateral and an unsecured claim equal to the amount of the deficiency.  Also, when there is not sufficient value in the collateral to fully secure a first lien holder's claim, the claim of any junior lien holder is wholly unsecured and should receive *pro rata* distribution with other general unsecured creditors through the Debtors' Chapter 11 plan.

WHEREFORE, the Debtor prays that this Court:

(i) value the Property at $86,000.00;

(ii) reclassify the deficiency amount of Creditor's claim to a general unsecured claim to be satisfied, if at all,  through  *pro rata* distribution with other general unsecured creditors through the Debtors' Chapter 11 plan; and

(ii) such other relief the Court deems just and proper.

DATED this 14th day of May, 2011.

/s/ David A. Riggi
David A. Riggi, Esq.
Bar No. 4727
5550 Painted Mirage Road, Suite 120
Las Vegas, Nevada 89149
Telephone:  (702) 808-0359

**Attorney for Debtors in Possession**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the NOTICE OF HEARING and the MOTION TO VALUE were sent via ECF on May 14, 2011 to the following:

CHRISTOPHER M. HUNTER on behalf of Creditor Federal National Mortgage Association, it assignees and/or successors, and the servicing agent IBM Lender Business Process Services, Inc. bknotice@mccarthyholthus.com, chunter@mccarthyholthus.com;nvbkcourt@mccarthyholthus.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

I HEREBY CERTIFY that a true and correct copy of the NOTICE OF HEARING and the MOTION TO VALUE were sent via CERTIFIED MAIL on May 14, 2011 to the following:

Martin Keough
903 Wainiho Street
Honolulu, HI 96835

I HEREBY CERTIFY that a true and correct copy of the NOTICE OF HEARING and the MOTION TO VALUE were sent via REGULAR MAIL on May 14, 2011 to the following:

Max D. Spilka on behalf of Creditor Aliante Marketplace, LLC
901 North Green Valley Parkway
Suite 200
Henderson, NV 89074

*/s/ David A. Riggi*
David A. Riggi, Esq.
Bar No. 4727
5550 Painted Mirage Road, Suite 120
Las Vegas, Nevada 89149
Telephone:  (702) 808-0359