```
KEHOE & ASSOCIATES
TY E. KEHOE, ESQ.                                E-Filed 11-1-11
Nevada Bar No. 006011
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
Telephone: (702) 837-1908
Facsimile: (702) 837-1932
Email: TyKehoeLaw@aol.com
Attorney for Martin Keough
```

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No. BK-S-11-10391-BAM |
|---|---|
| JOHN E. HARNEY, IV. and AIMEE M. HARNEY, | Chapter 11 |
| | Date: November 15, 2011 |
| | Time: 9:00 a.m. |
| Debtors. | |

## OPPOSITION TO PLAN CONFIRMATION

Martin Keough ("Keough"), by and through his counsel of record Ty E. Kehoe, Esq., hereby files this Opposition to Plan Confirmation.

This Pleading is based upon the Points and Authorities attached hereto, the papers and pleadings on file in this action and any oral testimony and evidence to be presented at the time of the hearing.

Dated this 1st day of November, 2011.          KEHOE & ASSOCIATES

                                               _____
                                               Ty E. Kehoe, Esq.

## SUMMARY OF ISSUES

### Inadequate notice to Keough

Counsel for Keough was only recently retained because Keough never was (and still isn't) on the mailing matrix herein. It appears that Keough never received any mailings from the Court, and received only select other documents if they were mailed directly by Debtor's

Page 1 of 8

Counsel. Counsel for Keough is still trying to determine issues related to this bankruptcy, how best to proceed, and has written Debtor's counsel regarding the same but has not yet received a response. Nonetheless, an Opposition to Plan Confirmation is technically due today.

**Debtor's debt to Keough**

On or about February 16, 2005, Keough sold to Debtor John Harney, and to non-debtor John Barrier, real property located at 4842 Camino Hermoso, North Las Vegas, NV 89031 ("Real Property"). Keough carried a $230,000 Promissory Note, secured by a Deed of Trust against the Real Property. Keough's Note is the only loan against the Real Property. The Real Property is not the residence of Debtor, but instead is simply an investment property for him. Harney and Barrier made the $1,000 payments under the Note until February 2009.

### Real property taxes

Debtor and Barrier have failed to make the required real property tax payments related to the Real Property. Therefore, Clark County has taken ownership of the Real Property. A true and correct copy of the tax record is attached hereto as **Exhibit A**. Interestingly, the ownership issue, along with the payments necessary to cure the real property taxes, do not appear to be disclosed anywhere in the Bankruptcy. Debtor was aware of the tax issues as he sent Keough an email regarding the same on May 22, 2010.

### Insurance

Keough is unclear whether insurance exists on the real property. On July 23, 2010 Debtor sent Keough an email claiming that he would obtain insurance on the Real Property, and that the real property tax issue is "within 2 payments of being reconciled." The tax issue was never resolved, and Keough is uncertain whether the insurance issue was.

**Net benefit of Real Property to Debtor**

The Operating Reports seem to indicate a $500 payment to "partner." Upon information and belief the Real Property is rented to third-party tenants for $1,000 per month gross.[1] However, $500 of that payment is being distributed out of the Bankruptcy to John Barrier. This appears to be true even though the real property taxes are past due, the current real property taxes are not accounted for in the Bankruptcy, the insurance is not accounted for in the Bankruptcy, and any management fee, maintenance or other expenses related to the Real Property are not accounted for in the Bankruptcy.

The Disclosure Statement specifically references hiring a management company which will diminish the net benefit to Debtor from the Real Property even further. The Disclosure Statement also permits the management company to retain a reserve of up to $10,000 related to the Real Property. With Debtor proposing to pay Keough $435 per month on his cram downed Note, the management company would be permitted to keep almost 2 years of payments in reserve before making distributions to Keough.

The Debtor claims $500 worth of net income from the Real Property. He then proposes to pay Keough $435 under the proposed cramdown. Thus, Debtor will net $65 per month before payment of real property taxes, insurance, management fees, maintenance and other expenses. Thus, there is no net benefit to the Debtor, and Debtor should surrender the Real Property.

///

///

---

[1] There seems to be no proof provided regarding the existence of the tenants, the term of the tenant's lease agreement, or even the amount that tenants are paying under any lease agreement. Almost certainly the tenants have not signed a 30 year lease (which is relevant to Debtor attempting to extend Keough's Note by 30 years).

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

**Ownership of Real Property**

The Plan and Disclosure Statement seem to assume that Debtor owns the Real Property entirely. However, Debtor is only a tenant in common with Barrier, and thus Debtor only owns an undivided ½ interest in the Real Property. A true and correct copy of the Deed is attached hereto as **Exhibit B**. Thus, Debtor's motion to value the Real Property made inaccurate assumptions about Debtor's ownership interest in the Real Property. Debtor's interest is not worth the full value of the Real Property, and his undivided ½ interest is not even worth 50% of the full value of the Real Property.[2]

Based upon the above, it is unclear that Debtor is receiving any benefit from the Real Property. In addition, Debtor proposes to cram down Keough's Debt from $250,000 to $86,000, and cram down the interest rate from 5.5% to 4.5%, and extend the length of the Note from being due on April 1, 2012 to being amortized over 30 years. Keough objects to the same.[3] The Plan proposes to convert $164,000 of Keough's claim into an unsecured claim, and then pay a pro-rata pittance to Keough on that unsecured claim for only 5 years; while at the same time extending the payments on Keough's secured claim by 30 years. This is not proper. It is also unclear how Debtor can prove his ability to pay Keough for 30 years into the future.

**Keough's ballot**

Debtor filed a ballot summary herein claiming that Keough did not vote on the Plan; however, Keough has now provided proof to Debtor's counsel that a ballot was submitted timely. No response has been received from Debtor's counsel, and no amended ballot summary has been filed.

---

[2] Arguably, Keough would be entitled to commence foreclosure on Barrier's undivided ½ interest in the Real Property.
[3] Keough is still considering an §1111(b) election. Typically such an election would be untimely at this point; however, Keough was never given notice of the disclosure statement or the related hearing.

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

**Monthly operating reports and feasibility**

Debtor has not yet filed the monthly operating report for the month ending September 30, 2011. The operating reports that have been filed seem to evidence that Debtor's plan is not feasible. The mortgage company for the first deed of trust on Debtor's residence filed an opposition to plan confirmation because Debtor has not been making post-petition payments on the first mortgage. Thus, it appears that Debtor has not been paying an $1,800 per month obligation, which is proposed to be paid by the Plan, and nonetheless, the operating reports evidence that Debtor has essentially had no extra funds from the beginning of this bankruptcy. If Debtor is barely paying his expenses, without paying a $1,800 first mortgage, then clearly the Plan is not feasible.

**Unpaid sales taxes treated in the Plan**

It appears that a significant portion of the Plan payments involve payment of unpaid sales taxes. If such is the case, Keough suggests that such proposal is in bad faith. Sales taxes would be owed by Debtor only if Debtor failed to remit the same to the state (ie. converted the funds). Sales taxes are trust fund taxes which are only due upon collection from a customer. It is not appropriate for Debtor to have obtained the benefit of using trust fund taxes in the past, and now to be paying such taxes with future income to the detriment of his other creditors. It is especially improper in light of his attempts to cram down Keough's Note, interest rate and extend the term of Keough's Note by 30 years.

**Firearms**

Exhibit 2 of the Disclosure Statement lists firearms worth $3,200 and an exemption of only $500. However, the non-exempt $2,700 amount is not addressed in the Plan. In addition, Debtor alleges to own 2 assault rifles, 5 hand guns, and 1 hunting rifle. It is difficult to imagine

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

that all 8 guns are worth only $3,200. It is likely that the 2 assault rifles are worth about $3,200 alone. Debtor should be required to provide more specific information.

**Disposable income**

Debtor is proposing to pay only $250 per month, for 60 months, to unsecureds. However, the financial information provided by Debtor could arguably indicate that such payment is not feasible, but also the financial information could establish that the $250 is not adequate. Therefore, Debtor should be required to provide more accurate information regarding the same. Exhibit 3 to Debtor's Disclosure Statement indicates that the projections are "conservative estimates." Making conservative estimates of future income is not reasonable when calculating disposable income.

**Real estate sales income**

Nonetheless, even with conservative estimates, Debtor projects making $2,000 per month from real estate sales. Such projection is completely unreasonable. Debtor did not make that much in 2009 or 2010, and stated during his 341 examination that he anticipates making no income from real estate sales in the near future. Therefore, how can he project $2,000 per month? Such failure alone constitutes cause for the Plan to not be confirmed.

**Wrongly disclosed real property taxes**

Debtor's Exhibit 3 to the Disclosure Statement indicates that real property taxes on the Real Property will be $765.19 per month. Such statement is definitely not correct. Upon information and belief the correct amount is less than $100 per month. Thus, Debtor should have an extra $665 per moth disposable income to contribute to the unsecured creditors.

**POINTS AND AUTHORITIES**

11 U.S.C. 1129(b)(1) states that a Plan can be confirmed over the objection of opposing classes "if the plan does not discriminate unfairly, and is fair and equitable . . ." Based upon the

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

above, Keough suggests that Debtor's Plan does unfairly discriminate against Keough, requiring him to carry an undue portion of the burden of the Plan. In addition, the Plan is not "fair and equitable" to either Keough or the other creditors in the Plan.

Upon receiving further information from the Debtor, Keough will consider making a 11 U.S.C. 1111(b) election. Such election would require Debtor to pay Keough in full under the Plan, which presumably Debtor would not and could not do. Thus, Debtor should simply surrender the Real Property back to Keough.

11 U.S.C. 1129(a)(11) requires that "Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization. . ." The Courts have interpreted this to mean that the plan needs to be feasible. For the various reasons stated above, the Debtor's proposed Plan is not feasible, and should not be confirmed.

11 U.S.C. 7001(2) states "The following are adversary proceedings. . .(2) a proceeding to determine the validity, priority, or extent of a lien. . ." Thus, arguably, an adversary proceeding should be required before reducing Keough's lien by $164,000. In addition, Counsel for Keough cannot locate any Notice of Entry of Order being sent to Keough regarding the valuation of the Real Property.

## CONCLUSION

Keough objects to the Plan confirmation for all of the above reasons including the following:

1 – The operating reports do not evidence that the Plan is feasible;

2 – Debtor has not properly accounted for all ballots submitted herein;

3 – The cram down of Keough's Note should not be permitted;

4 – The Real Property produces a net loss to the Debtor, and thus Debtor should surrender the same;

5 – Any management company retained by the Debtor should not be permitted to accrue a $10,000 reserve on the Real Property;

6 – The Real Property ownership by Clark County and the related real property taxes are not addressed in the Plan;

7 – It is bad faith for Debtor to be permitted to convert trust fund taxes and then repay the same to the detriment of his other creditors;

8 – Debtor cannot prove his ability to pay Keough for 30 years into the future;

9 – The Plan does not address $2,700 in non-exempt equity in firearms owned by the Debtor, and Debtor should be required to provide more specific information regarding his firearms and the valuation thereof;

10 – The projected real estate sales income of $2,000 per month is not reasonable based upon information provided by Debtor; therefore, the Plan is not feasible.

In spite of all of the above, Keough simply wants his Real Property back. Debtor can then proceed with the Bankruptcy however he is able. Even using Debtor's information, Debtor is receiving only $500 per month from the Real Property. He then proposes to pay Keough $435 per month (even assuming the cram down numbers). Thus, Debtor will net about $65 per month from the Real Property, prior to real property taxes, insurance, management fees, maintenance and other expenses. Based upon this simple math, the Real Property adds no value to the Debtor, and is in fact a detriment.

Therefore, the Debtor should surrender the Real Property to Keough, or alternatively, the Plan should not be confirmed.

Dated this 1st day of November, 2011.        KEHOE & ASSOCIATES

                                              _____
                                              Ty E. Kehoe, Esq.

KEHOE & ASSOCIATES
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
(702) 837-1908

**EXHIBIT A**

# Property Account Inquiry - Summary Screen

| New Search | Recorder | Treasurer | Assessor | Clark County Home |
|---|---|---|---|---|

| Parcel ID | 124-33-415-033 | Tax Year | 2012 | District | 254 | Rate | 3.3544 |
|---|---|---|---|---|---|---|---|

| Situs Address: | 4842 CAMINO HERMOSO NORTH LAS VEGAS |
|---|---|
| Legal Description: | ASSESSOR DESCRIPTION: VILLAS DE VIENTOS PLAT BOOK 47 PAGE 20 LOT 66 BLOCK 3 GEOID: PT SE4 SW4 SEC 33 19 61 |

| Status: | Property Characteristics | | Property Values | | Property Documents | |
|---|---|---|---|---|---|---|
| Active | Tax Cap Increase Pct. | 6.3 | Land | 7000 | 2010060302980 | 6/3/2010 |
| Taxable | | | Improvements | 23773 | 2005030404622 | 3/4/2005 |
| Delinquent | Tax Cap Limit Amount | 1175.95 | Total Assessed Value | 30773 | 2005030404622 | 3/4/2005 |
| | | | Net Assessed Value | 30773 | 01071800646 | 7/18/2001 |
| | Tax Cap Reduction | 0.00 | Exemption Value New Construction | 0 | | |
| | Land Use | 1-10: SINGLE FAMILY RESIDENCE | New Construction - Supp Value | 0 | | |
| | Cap Type | Other | | | | |
| | Supplemental Tax | 0.00 | | | | |

| Role | Name | Address | Since | To |
|---|---|---|---|---|
| Owner | TRUSTEE CLARK COUNTY TREASURER | %BARRIER JOHN HARNEY JOHN 8352 SAN GRAIL CT , LAS VEGAS, NV 89145-2414 UNITED STATES | 6/8/2010 | Current |

## Summary

| Item | Amount |
|---|---|
| Taxes as Assessed | $1,032.25 |
| Less Cap Reduction | $0.00 |
| Net Taxes | $1,032.25 |

### PAST AND CURRENT CHARGES DUE TODAY

| Tax Year | Charge Category | Amount Due Today |
|---|---|---|
| 2012 | Property Tax Principal | $516.13 |
| 2012 | Las Vegas Artesian Basin | $0.49 |
| 2012 | Property Tax Penalty | $36.16 |
| 2011 | Property Tax Principal | $1,106.26 |
| 2011 | Property Tax Penalty | $165.93 |
| 2011 | Property Tax Interest | $106.02 |
| 2011 | Advertising Fee | $4.00 |
| 2011 | MAILING FEE | $2.00 |
| 2010 | Property Tax Principal | $396.76 |
| 2010 | Property Tax Penalty | $31.65 |
| 2010 | Property Tax Interest | $67.21 |
| CURRENT AMOUNTS DUE as of 10/25/2011 | | '5,765194, |

### NEXT INSTALLMENT AMOUNTS

| Tax Year | Charge Category | Installment Amount Due |
|---|---|---|
| 2012 | Property Tax Principal | $258.06 |
| NEXT INSTALLMENT DUE AMOUNT due on 1/2/2012 | | '58;139 |

### TOTAL AMOUNTS DUE FOR ENTIRE TAX YEAR

| Tax Year | Charge Category | Remaining Balance Due |
|---|---|---|
| 2012 | Property Tax Principal | $1,032.25 |
| 2012 | Las Vegas Artesian Basin | $0.49 |
| 2012 | Property Tax Penalty | $36.16 |
| 2011 | Property Tax Principal | $1,106.26 |

http://trweb.co.clark.nv.us/print_wep2.asp?Parcel=124-33-415-033&DateSelect=10/25/2011&Statement... 10/25/2011

| 2011 | Property Tax Penalty | $165.93 |
|------|---------------------|---------|
| 2011 | Property Tax Interest | $106.02 |
| 2011 | Advertising Fee | $4.00 |
| 2011 | MAILING FEE | $2.00 |
| 2010 | Property Tax Principal | $396.76 |
| 2010 | Property Tax Penalty | $31.65 |
| 2010 | Property Tax Interest | $67.21 |
| **TAX YEAR TOTAL AMOUNTS DUE as of 10/25/2011** | | $5,<7,1,6 |

| PAYMENT HISTORY | |
|-----------------|---|
| Last Payment Amount | $400.00 |
| Last Payment Date | 5/6/2011 |
| Fiscal Tax Year Payments | $0.00 |
| Prior Calendar Year Payments | $4,000.00 |
| Current Calendar Year Payments | $400.00 |

**EXHIBIT B**

RECORDER'S MEMO
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

A.P.N.: 124-33-415-033
File No: 107-2192772 (EDH)
R.P.T.T.: $1,295.40

20050304-0004622

Fee: $17.00    RPTT: $1,295.40
N/C Fee: $25.00
03/04/2005    14:48:39
T20050040574
Requestor:
FIRST AMERICAN TITLE COMPANY OF NEVADA

Frances Deane    JVB
Clark County Recorder    Pgs: 4

When Recorded Mail To:  Mail Tax Statements To:
John Barrier
4842 Camino Hermoso
North Las Vegas, NV 89031

## GRANT, BARGAIN and SALE DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Martin W. Keough Trust, Martin W. Keough, Trustee

do(es) hereby GRANT, BARGAIN and SELL to

John Barrier, a single man and John Harney, a married man as his sole and separate property

the real property situate in the County of Clark, State of Nevada, described as follows:

**LOT SIXTY-SIX (66) IN BLOCK THREE (3) OF VILLAS DE VIENTOS, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 47 OF PLATS, PAGE 20, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.**

Subject to

1. All general and special taxes for the current fiscal year.

2. Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

TOGETHER with all tenements, hereditaments and appurtenances, including easements and water rights, if any, thereto belonging or appertaining, and any reversions, remainders, rents, issues or profits thereof.

Date: 03/01/05

*[signature]*

Martin W. Keough
Trust, of The Martin
W. Keough,
Trustee

STATE OF ~~NEVADA~~ Hawaii ) e/np.
City of Honolulu : ss.
COUNTY OF ~~CLARK~~ )

This instrument was acknowledged before me on
_____MAR – 1 2005_____ by
Martin W. Keough Trust

*[signature]*

DORI K. LONOKAPU-SABLAN    Notary Public
(My commission expires: May 19, 2006)

This Notary Acknowledgement is attached to that certain Grant, Bargain Sale Deed dated 02/15/2005 under Escrow No. 107-2192772

DORI'S COPY

**STATE OF NEVADA**
**DECLARATION OF VALUE**

1. Assessor Parcel Number(s)
   a) 124-33-415-033
   b) _____
   c) _____
   d) _____

2. Type of Property
   a) [ ] Vacant Land
   b) [✓] Single Fam. Res
   c) [ ] Condo/Twnhse
   d) [ ] 2-4 Plex
   e) [ ] Apt. Bldg.
   f) [ ] Comm'l/Ind'l
   g) [ ] Agricultural
   h) [ ] Mobile Home
   i) [ ] Other _____

   FOR RECORDERS OPTIONAL USE ONLY
   Document/Instrument # _____
   Book _____ Page: _____
   Date of Recording: _____
   Notes: _____

3. Total Value/Sales Price of Property:   $254,000.00
   Deed in Lieu of Foreclosure Only (value of property)   ( $ _____ )
   Transfer Tax Value:   $254,000.00
   Real Property Transfer Tax Due   $1,295.40

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption, per 375.090, Section: _____
   b. Explain reason for exemption: _____

5. Partial Interest: Percentage being transferred: 100%

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: _____   Capacity: _____
Signature: X _____   Capacity: Buyer Individual

**SELLER (GRANTOR) INFORMATION**
(REQUIRED)
Print Name: Martin W. Keough Trust
Address: 803 Wainiha Street
City: Honolulu
State: HI   Zip: 96825

**BUYER (GRANTEE) INFORMATION**
(REQUIRED)
Print Name: John Barrier
Address: 4842 Camino Hermoso
City: North Las Vegas
State: NV   Zip: 89031

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: First American Title Company of Nevada   File Number: 107-2192772 EDH/EDH
Address: 8350 W. Sahara Avenue, Suite 110
City: Las Vegas   State: NV   Zip: 89117

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

Reproduced by First American Title Insurance Rev10/2001

4622

## STATE OF NEVADA
## DECLARATION OF VALUE

1. Assessor Parcel Number(s)
   a) 124-33-415-033
   b) _____
   c) _____
   d) _____

2. Type of Property

   a) [ ] Vacant Land  b) [X] Single Fam. Res
   c) [ ] Condo/Twnhse d) [ ] 2-4 Plex
   e) [ ] Apt. Bldg.   f) [ ] Comm'l/Ind'l
   g) [ ] Agricultural h) [ ] Mobile Home
   i) [ ] Other _____

   | FOR RECORDERS OPTIONAL USE ONLY |
   |---|
   | Document/Instrument # _____ |
   | Book _____ Page: _____ |
   | Date of Recording: _____ |
   | Notes: _____ |

3. Total Value/Sales Price of Property:           $254,000.00
   Deed in Lieu of Foreclosure Only (value of property)  ( $ _____ )
   Transfer Tax Value:                            $254,000.00
   Real Property Transfer Tax Due                 $1,295.40

4. **If Exemption Claimed:**
   a. Transfer Tax Exemption, per 375.090, Section: _____
   b. Explain reason for exemption: _____

5. Partial Interest: Percentage being transferred:    100 %

The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature: X _/s/_____    Capacity: Individual
Signature: _____              Capacity: _____

| **SELLER (GRANTOR) INFORMATION** | **BUYER (GRANTEE) INFORMATION** |
|---|---|
| (REQUIRED) | (REQUIRED) |
| Print Name: Martin W. Keough Trust | Print Name: John Barrier |
| Address: 903 Wainiha Street | Address: 4842 Camino Hermoso |
| City: Honolulu | City: North Las Vegas |
| State: HI   Zip: 96825 | State: NV   Zip: 89031 |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buyer)**

Print Name: First American Title Company of Nevada   File Number: 107-2192772 EDH/DA
Address: 8350 W. Sahara Avenue, Suite 110
City: Las Vegas                                       State: NV    Zip: 89117

(AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED)

Reproduced by First American Title Insurance Rev10/2001

4622